NOT FOR PUBLICATION (Doc. No. 6.)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| LAURA C. DUGAN and JIM DUGAN, her husband, | |
| Plaintiffs, | Civil No. 15-5267 (RBK-KMW) |
| v. | **OPINION** |
| ACME MARKETS, INC., et al. | |
| Defendant. | |

**KUGLER**, United States District Judge:

This matter is before the Court on the motion to remand the complaint (Doc. No. 6) of Plaintiffs Laura Dugan ("Ms. Dugan") and Jim Dugan ("Mr. Dugan"), collectively referred to herein as "Plaintiffs." Defendants ACME Markets, Inc. ("ACME") and Michael Neisser ("Neisser") oppose Plaintiffs' motion. (Doc. No. 7.) For the reasons expressed below, Plaintiffs' Motion for Remand is denied.

## I. BACKGROUND

On or about January 29, 2014, Ms. Dugan was operating a motor vehicle that was stopped and waiting to make a turn onto Berlin Road Northbound in Cherry Hill Township, Camden County, New Jersey. (Compl. at Count One, Doc. No. 1.) Plaintiffs allege that Neisser was operating a commercial truck as an employee of ACME when he rear-ended Ms. Dugan's vehicle, causing her to suffer severe and painful injuries. (Compl. at Count One; Pls.' Br., Ex. A.)

On April 28, 2015, Plaintiffs filed a Complaint in Superior Court of New Jersey, Camden County. Plaintiffs bring negligence claims against Neisser and ACME, alleging that Ms. Dugan consequently suffered "severe" bodily injuries that caused her pain and suffering and will continue to do so in the future. (Compl. at Count One.) She also asserts that her injuries prevent her from pursuing her occupation and other daily activities. (Id.) Mr. Dugan brings a loss of consortium claim related to his wife's injuries. (Id. at Count Three.) The Complaint is silent as to the amount of Plaintiffs' damages and contains no limitation on the damages sought.

On June 30, 2015, ACME served Plaintiffs with a Request for Statement of Damages in accordance with New Jersey Court Rule 4:5-2. (Defs.' Br., Ex. C.) On July 8, 2015, Plaintiffs responded with a $5,000,000.00 demand, which they amended two days later to demand $60,000.00. (Id., Exs. D, E.)

On July 6, 2015, Defendants removed the action to this Court, claiming federal diversity jurisdiction under 28 U.S.C. § 1332. (Notice of Removal, Doc. No. 1.) Plaintiffs seek to remand their Complaint back to the Superior Court of New Jersey, Camden County on grounds that the Court lacks jurisdiction because the amount in controversy does not exceed the jurisdictional threshold of $75,000.00. (Pls.' Br. 1–2.) In support of their motion, Plaintiffs cite their settlement offer of $60,000.00. (Id. at 1.) Defendants oppose Plaintiffs' motion, arguing that they have failed to amend their Complaint or otherwise limit damages to less than $75,000. (Defs.' Br. 4.) Defendants also cite an alleged pre-suit settlement offer of $150,000.00 and Plaintiffs' initial $5,000,000.00 Statement of Damages as further indication of this Court's proper jurisdiction. (Id. at 7.)

Having been briefed by the parties, this issue is now ripe for the Court's review.

## II. LEGAL STANDARD

Federal Courts are courts of limited jurisdiction and may only decide cases as authorized by the Constitution. Kokkonen v. Guardian Life Ins., 511 U.S. 375, 377 (1994). Congress has authorized federal subject matter jurisdiction in civil suits where the amount "in controversy exceeds the sum or value of $75,000" and the parties are "citizens of different States." 28 U.S.C. § 1332(a). The statutory requirement that parties be citizens of different states means that complete diversity must exist; if any two adverse parties are co-citizens, there is no jurisdiction. See Strawbridge v. Curtiss, 7 U.S. 267 (1806); State Farm Fire & Cas. Co. v. Tashire, 386 U.S. 523, 531 (1967). When a corporation is a party, it "shall be deemed to be a citizen of every state and foreign state by which it has been incorporated and of the state or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). The parties here are completely diverse, so subject matter jurisdiction turns on whether the amount in controversy exceeds $75,000.

Under 28 U.S.C. § 1441, a defendant may remove an action filed in state court to a federal court with original jurisdiction over the action. Once an action is removed, a plaintiff may challenge removal by moving to remand the case back to state court. To defeat a plaintiff's motion to remand, the defendant bears the burden of showing that the federal court has jurisdiction to hear the case. Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir.1985). Where the decision to remand is a close one, district courts are encouraged to err on the side of remanding the case back to state court. See id. ("Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand.")

The Third Circuit has provided a "roadmap" for evaluating whether a case removed from state court should be remanded because the amount in controversy does not exceed $75,000.  See Frederico v. Home Depot, 507 F.3d 188, 196 (3d Cir.2007).  First, if the parties dispute jurisdictional facts, the party carrying the burden of proof must establish federal jurisdiction by a preponderance of the evidence.  Id. at 194 (citing McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178 (1936)).  Even if jurisdictional facts are not expressly in dispute, a "court may still insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of the evidence."  McNutt, 298 U.S. at 189.

Second, if jurisdictional facts are not in dispute, or the court is satisfied with the sufficiency of the jurisdictional proof, the analysis turns to whether the jurisdictional amount is met with "legal certainty."  Frederico, 507 F.3d at 196.  The legal certainty test has two alternative strands.  Id.  If the complaint "specifically avers that the amount sought is less than the jurisdictional minimum," a defendant "seeking removal must prove to a legal certainty that [the] plaintiff can recover the jurisdictional amount."  Id. at 196–97 (relying on Morgan v. Gay, 471 F.3d 469 (3d Cir.2006)).  A plaintiff is entitled to this deferential standard only if the complaint "specifically (and not impliedly) and precisely (and not inferentially) states that the amount sought" shall not exceed the jurisdictional minimum.  Id. at 196.  Alternatively, if the "plaintiff has not specifically averred in the complaint that the amount in controversy is less than the jurisdictional minimum," then "the case must be remanded if it appears to a legal certainty that the plaintiff *cannot* recover the jurisdictional amount."  Id. at 197 (emphasis in original) (relying on Samuel–Bassett v. KIA Motors Am., Inc., 357 F.3d 392 (3d Cir.2004)).

4

### III. DISCUSSION

Plaintiffs argue that Defendants failed to meet the diversity requirements of 28 U.S.C. § 1332(a) because the amount in controversy standard has not been met. (Pls.' Br. 3.) They contend that Defendants cite only Plaintiffs' "open-ended" complaint, which makes no mention of any monetary value, and Plaintiffs' pre-suit demand of $150,000, which is no longer a valid offer. (Id. at 3–4.) Plaintiffs assert that the offer made on July 10, 2015 to settle this case for $60,000 should be dispositive on the issue of the jurisdictional minimum amount because it more accurately reflects the extent of Ms. Dugan's injuries and the actual amount in controversy. (Id. at 4.)

However, a settlement offer cannot be used exclusively as grounds for establishing the jurisdictional minimum and "is not the proper amount to take into consideration in calculating the amount in controversy." Russ v. Unum Life Ins. Co., 442 F. Supp. 2d 193, 199 (D.N.J. 2006). Indeed, the offer has no bearing on whether a reasonable jury could award damages in excess of that amount. See Fusco v. Nationwide Ins. Co., No. CIV.A. 95-5760, 1995 WL 709921, at *2 (E.D. Pa. Nov. 22, 1995) ("The amount in controversy refers to the value of the claim being litigated, not to amounts offered in settlement" (citation omitted)). Therefore, Plaintiffs' exclusive reliance on their $60,000 settlement offer is misplaced.

Because Plaintiffs have not limited damages below the jurisdictional limit, this case must be remanded if it appears to a "legal certainty" that Plaintiffs cannot recover the jurisdictional amount. Frederico, 507 F.3d at 197. This Court has on many occasions held that personal injury cases alleging "severe and permanent" injuries will be removable absent proof to a "legal certainty" that the amount in controversy cannot exceed $75,000. See, e.g., Briggs v. Target Corp., No. 14-7165, 2015 WL 1145127, at *4 (D.N.J. Mar. 13, 2015); Clark v. J.C. Penny, No.

08–4083, 2009 WL 1564175, at *3–4 (D.N.J. June 1, 2009); Fields v. Zubkov, No. 08–2016, 2008 WL 4447098, at *4 (D.N.J. Sept. 26, 2008). Indeed, "most removed personal injury cases will likely remain in federal court even if they involve a very minor injury—unless the plaintiff limits her damages below the jurisdictional limit." Fields, 2008 WL 4447098, at *4. Courts will seldom remand a personal injury claim absent a waiver by the plaintiff capping damages at $75,000. Avant v. J.C. Penny, No. 07–1997, 2007 WL 1791621, at *2 (D.N.J. June 19, 2007).

Here, Ms. Dugan alleges that she suffered "severe and painful bodily injuries" that have prevented her from pursuing her occupation and will continue to cause her severe pain in the future. Although Ms. Dugan has not pleaded the specifics of her injuries, even these general allegations prevent the Court from concluding to a legal certainty that her injuries do not amount to $75,000. Furthermore, Plaintiffs' decision not to cap damages at $75,000 is indicative of Plaintiffs' recognition that their damages may exceed $75,000. Based on the totality of the alleged injuries contained in Plaintiffs' Complaint, as well as the failure to cap damages at $75,000, we cannot say to a legal certainty that Plaintiffs could not recover the amount in controversy. Thus, the case need not be remanded to state court.

**IV.     CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Remand is DENIED.

Dated: 1/20/2016                                             s/Robert B. Kugler
                                                             ROBERT B. KUGLER
                                                             United States District Judge

6